IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br><br>BLACK APPLE IPHONE CURRENTLY IN THE CUSTODY OF THE ALLEGHENY COUNTY POLICE AS ITEM B UNDER PROPERTY CONTROL NUMBER 22-0049 | Magistrate No. 22-83 |

## APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT

I, Joshua Stegena, being duly sworn, depose and state as follows:

1. On January 13, 2022, I executed an affidavit in support of a Criminal Complaint charging Zai Quan Moquaez HENDERSON ("HENDERSON") with being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). That affidavit is filed at Magistrate No. 22-80 and it is incorporated by reference as if set forth here in full.

2. As reflected in that affidavit, a search of HENDERSON's person revealed a black Apple iPhone. That iPhone was entered into evidence as Item B under Property Control Number 22-0049 and it is currently stored at the Allegheny County Police Department.

3. This Affidavit is made in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for the issuance of a search warrant authorizing the search of the iPhone and the extraction from that iPhone of the electronically stored information described in Section II of Attachment A.

4. Investigators, including your Affiant, believe the records and other information contained within the iPhone contain evidence of violations of Title 18, United States Code, Sections 922(g)(1), which make it unlawful for felons to possess firearms.

5. The applied-for warrants would authorize the forensic search of the iPhone for the

purpose of identifying electronically stored data particularly described in Section II of Attachment A.

6. I have reviewed various videos posted on YouTube that depict HENDERSON in possession of firearms, but those videos appear to have been posted several years ago. In a very recent post to Instagram on HENDERSON's Instagram account, however, HENDERSON is observed in a video with various firearms and rapping about his involvement with drug trafficking and firearms.

7. Your Affiant is also aware through both training as well as experience gained through multiple investigations involving illegally possessed firearms, that evidence of their illegal gun possession is often located on their cellular telephones, and that is particularly true when they are involved in the rap industry. That evidence often includes picture and/or video of themselves and communications with others related to firearms.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

8. As described above and in Attachment A, Section II, this Application seeks permission to search the iPhone for records that might be found on the iPhone which will provide evidence of violations of 18 U.S.C. § 922(g)(1).

9. Based on my knowledge, training, and experience, I know that files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost.

10. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on an electronic device, the data contained in the file does not actually disappear; rather, that data remains on the storage

medium until it is overwritten by new data.

11. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, an electronic device's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

12. Wholly apart from user-generated files, electronic device storage media—in particular, electronic devices' internal hard drives—contain electronic evidence of how an electronic device has been used, what it has been used for, where it was located, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Electronic device users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

13. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

14. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

15. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court

to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

16. Based upon the foregoing, you Affiant submits that there is probable cause to believe that the iPhone contains information related to violations of 18 U.S.C. § 922(g)(1), which there is probable cause to believe have been violated by HENDERSON.

> */s/ Joshua Stegena*
> JOSHUA STEGENA
> Allegheny County Detective

Sworn and subscribed before me, by telephone
pursuant to Fed. R. Crim. P. 4.1(b)(2)(A),
this 13th day of January 2022.

_____
HONORABLE MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

**I.     Devices to be Searched, which is currently in the custody of the Allegheny County Police:**

>Black apple iPhone with black case and cracked screen stored at the Allegheny County Police Department as Item B under property control number 22-0049.

**II.    Records and Other Information to Be Seized**

1. All records, information, and items evidencing who used the device and/or when and/or from where, as well as evidence of violations of 18 U.S.C. § 922(g)(1):

   a. Any communications in text messages or in any other form related to firearms,

   b. photo and video galleries showing firearms, and

   c. online searches and sites viewed via the internet related to firearms.

3. In searching the iPhone, investigating officers and agents may examine all of the data contained in the iPhone to view its precise contents and determine whether the iPhone and/or its data falls within the items to be seized as set forth above. In addition, they may search for and attempt to recover "deleted," "hidden" or encrypted data to determine whether the data falls within the list of items to be seized as set forth above.